# CIRCUIT COURT OF THE CITY OF RICHMOND

Graham Grove

v.

Dorthula H. Powell-Woodson

May 7, 1991

Case No. HA-1199-3

BY JUDGE T. J. MARKOW

This case is before the court on plaintiff's Motion for Issuance of Writ of Certiorari filed pursuant to Va. Code Ann. § 2.1-114.5:1(E). He was terminated from his employment as Director of Personnel Development Services as of August 23, 1990. Defendant, his former boss, has refused to recognize plaintiff's attempts to assert rights he claims under the state grievance process found in Va. Code Ann. § 2.1-114.5:1. Defendant claims that plaintiff is exempt from coverage of the grievance process under Va. Code Ann. § 2.1-116(16), that she, therefore, is precluded from forwarding the record on appeal to this court, and that the court is without jurisdiction to hear the matter.

The usual issue before this court is whether the conduct complained of is grievable. Here the issue is whether the person attempting to grieve is within the protection of the act.

Plaintiff has been a long-time employee of the Commonwealth. He held the position of State Compensation Manager from 1980-87. For purposes of the argument in this case, the court assumes he was an employee entitled to grievance rights in that position during the entire period he held the position, notwithstanding a change in the Grievance Act in 1985. See *City of Norfolk v. Kohler*, 234 Va. 341, 362 S.E.2d 894 (1987). In early 1987, plaintiff was offered the position of Director of Personnel Development Services, which was a lateral transfer but was a position clearly

exempted from the grievance process, and plaintiff was so informed in writing before actually assuming the position.

Defendant claims to have become dissatisfied with plaintiff's work and terminated him. He has attempted to grieve his dismissal, but defendant claims he is ineligible for such consideration. The court agrees.

None of the parties dispute the fact that the position plaintiff assumed in July of 1987 was not covered by the grievance procedure. Plaintiff argues, however, that once he was covered by the grievance procedure, he retained these rights forever. He relies on *City of Norfolk v. Kohler* in support of his position. He fails to distinguish a most important difference between his position and that of the employee in *Kohler*. The *Kohler* employee never changed positions in her agency. The agency had the law changed to deprive her of rights and then dismissed her. The Supreme Court held that under Va. Code Ann. § 1-16, she had vested rights which could not be terminated in this manner.

Plaintiff, however, lost his vested rights when he changed positions. There is no issue of waiver of rights involved; rather, there is the question of what rights and responsibilities come with the position he assumed.

The argument that once rights attach to an employee, they follow whatever the position assumed could lead to absurd results. The legislature clearly intended that certain employees not have grievance rights. It gave much broader power to hire and fire higher level employees for the obvious purpose of allowing the executive more latitude in implementing the management style for which he or she was elected to implement. For that reason, Va. Code Ann. § 2.1-116 was enacted.

Nothing in the *Kohler* case or any other principle of law would dictate that an employee's former grievance rights follow throughout the entire career. Such rights are position-specific, not person-specific, just as is job description, salary, and all other incidents of employment.

The motion for writ of certiorari will be overruled.